**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| TIFFANY L.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 3:25-CV-106 (RCY) |
| | ) |
| FRANK BISIGNANO,[2] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

Plaintiff Tiffany L. challenges the Social Security Administration Commissioner's ("Commissioner" or "Defendant") final decision to deny her Title XVI application for Supplemental Security Income ("SSI"). On January 23, 2026, Magistrate Judge Summer L. Speight issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment (ECF No. 17). The R&R recommended that the Court (1) deny the Plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. Plaintiff has objected to the Magistrate Judge's R&R and asks that the Court reject the R&R and remand the matter for further administrative proceedings. For the reasons that follow, the Court will overrule Plaintiff's objections and will adopt the Magistrate Judge's R&R in full.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants in social security cases by first name and last initial.

[2] Frank Bisignano was sworn in as the Commissioner of Social Security in on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for the former Acting Commissioner as Defendant in this action. 42 U.S.C. § 405(g).

## I.    STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). As long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). If an objection is not timely filed or sufficiently specific, it is not considered proper, and a district judge reviews only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Importantly, "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation." *Elijah*, 66 F.4th at 460 n.3 (citing *Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017)).

In conducting *de novo* review, a court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In reviewing for substantial evidence, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* Upon concluding its review, a court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II.    ANALYSIS

Plaintiff only makes one specific objection to the R&R, and it is the same objection she leveled against the underlying decision of the ALJ in her Motion for Summary Judgment: that the

2

ALJ's findings are not supported by substantial evidence, because the ALJ did not resolve a conflict between Plaintiff's residual functional capacity ("RFC") limitation and the vocational expert's ("VE") testimony identifying jobs that Plaintiff could perform. Pl.'s Obj. 1, ECF No. 18; Pl.'s Mem. Supp. Summ. J. 4, ECF No. 14. Plaintiff argues that this failure means that there is no logical bridge between the evidence and the ALJ's decision, precluding meaningful review of the ultimate disability determination. Pl.'s Obj. 2–3. Faced with this specific objection, the Court is obligated to engage in *de novo* review of the record to determine whether the ALJ's findings are supported by substantial evidence. *Elijah*, 66 F.4th at 460. But, having done so, the Court is not persuaded by Plaintiff's objection. The Court finds the R&R well-reasoned and supported by the record and applicable law, and as such will adopt the R&R in full.

Specifically, the Court agrees with Defendant and the Magistrate Judge that there is, in fact, no conflict between Plaintiff's RFC limitations and the VE's testimony. *See* Comm'r's Mot. Summ. J. 8–10, ECF No. 15; R&R 7, ECF No. 17. As such, the absence of any purportedly necessary conflict resolution does not render the ALJ's decision critically unsupported.

In the course of his five-step disability evaluation, the ALJ determined Plaintiff's RFC to be—as relevant to this appeal—that Plaintiff "is limited to jobs that require understanding, remembering, and carrying out simple instructions and using judgment to make simple work-related decisions," that "[s]he is limited to no interaction with the public, and only occasional interaction with coworkers, or supervisors, and she is limited to dealing with only occasional changes in a routine work setting." R. at 21. Plaintiff does not challenge this determination. Instead, Plaintiff argues that a conflict exists between this determination and the evidence upon which the ALJ based his step-five determination that Plaintiff could perform jobs that exist in

3

significant numbers in the national economy, specifically, the VE's testimony that Plaintiff could perform certain "level two" jobs.  Pl.'s Obj. 1–2.

As noted by the Magistrate Judge, "[l]evel two reasoning requires a claimant to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions' and '[d]eal with problems involving a few concrete variables in or from standardized situations.'" R&R 7 (quoting DOT, App. C, 1991 WL 688702).  The Court is not persuaded by Plaintiff's argument that Plaintiff's limitation of following simple instructions does not fit within the level two framework.  Instead, the Court agrees with the Magistrate Judge, that "[t]he ability to carry out simple instructions, make simple decisions, and deal with only occasional changes in a routine work setting satisfies the level two reasoning criteria."  *Id.*; *see* R. at 21 (assigning RFC limitations of "carrying out simple instructions," "mak[ing] simple work-related decisions," and "dealing with only occasional changes in a routine work setting").

The Court further agrees with the Magistrate Judge's analysis regarding the applicability of *Thomas v. Berryhill* to the facts of the present case.  *Compare* R&R 7–8, *with* Pl.'s Mem. Supp. Summ. J. 6; *and* Pl.'s Obj. 1–2 (both advocating for the application of *Thomas*'s reasoning to the facts of the present case).  In *Thomas*, the Fourth Circuit found an unresolved conflict between an RFC of performing "*short*, simple instructions" and the level two requirement of carrying out "*detailed* but uninvolved . . . instructions."  916 F.3d 307, 313 (4th Cir. 2019) (emphases added).  The Fourth Circuit held short instructions to be incompatible with detailed instructions.  *Id.* at 314.  But as noted by the Magistrate Judge, Plaintiff here has not been assigned an RFC limiting her to "short" instructions; rather, she was deemed capable of following "simple" instructions.  R&R 8 (citing R. at 21).  Thus, *Thomas* does not control.  Instead, the Court agrees with the Magistrate Judge that *Lawrence v. Saul* is more on point, wherein the Fourth Circuit found no conflict between

4

an RFC limitation of simple assignments and level two occupations. 941 F.3d 140, 143 ("[T]here is no conflict between 'simple' and 'uninvolved' instructions, as both connote instructions that 'are not complicated or intricate.'" (quoting *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010))). Notably, Plaintiff does not engage with *Lawrence* at all in her Objection, and instead simply reasserts her plea that the Court find *Thomas* and other pre-*Lawrence* decisions to be the relevant persuasive authority for the present case. *See* Pl.'s Obj. 1–2.

Based on the above *de novo* review, the Court finds no error in the Magistrate Judge's conclusion finding no conflict between Plaintiff's RFC limitations and the level two reasoning jobs identified in the ALJ's step five findings. R&R at 9. Consequently, the Court likewise finds that the ALJ's decision was supported by substantial evidence, and thus the Commissioner's decision should be affirmed. The R&R will accordingly be adopted in full.

### III. CONCLUSION

Having reviewed the record, the Court will overrule Plaintiff's objection to the Magistrate Judge's R&R, adopt the R&R, grant the Commissioner's motion for summary judgment, deny the Plaintiff's motion for summary judgment, and affirm the final decision of the Commissioner.

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/
Roderick C. Young
United States District Judge

Date: March 18, 2026
Richmond, Virginia